IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                            No. CIV 06-0422 RB/LCS

**ELIZABETH KIEHNE, a/k/a ELIZABETH
COMPARIN; a/k/a ELIZABETH KIEHNE
COMPARIN, and JOHN DOE, unknown spouse
of ELIZABETH KIEHNE, a/k/a ELIZABETH
COMPARIN; ELIZABETH KIEHNE
COMPARIN, if living, and if deceased,
ESTATE OF JOHN DOE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the United States' Motion for Summary Judgment, filed on June 26, 2008, on behalf of the Farmers Home Administration (hereinafter "FmHA"). Jurisdiction is founded upon 28 U.S.C. § 1345. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, the United States' Motion for Summary Judgment is **GRANTED**.

**I.**     **Background.**

On May 22, 2001, Defendant Elizabeth Kiehne executed and delivered a Promissory Note to FmHA in the principal sum of $86,300.00 (hereinafter the "Note"). The Note provided for payment of interest at the rate of five percent per annum from the date of the Note. The Note specified that the principal and interest would be paid in annual installments in the amount of $5,030.00 beginning on April 1, 2002, with a like amount paid on the 1st day of April of each year for 40 years from the date of the Note. The Note further stipulated that, upon default in the payment of any installment when due, the holder, at its option, could declare the entire indebtedness due and

payable.

To secure payment of the Note, Ms. Kiehne executed and delivered a mortgage to FmHA, dated May 22, 2001 (hereinafter the "Mortgage"), upon real property located in Dona Ana County, New Mexico.  The Mortgage was filed for record on May 22, 2001, in Book 270, Pages 656-659, records of Dona Ana County, New Mexico.  The Mortgage is a first lien on the following described real property (hereinafter "Real Property"): "Lot 2 of Cherry Farms, Replat No. 1, located in Dona Ana County, New Mexico, as the same is shown and designated on the plat thereof filed for record in the office of the County Clerk of Dona Ana County, New Mexico on February 6, 2001 and recorded in Book 19 at Page 595, Plat Records."

Pursuant to the terms of the Mortgage, Ms. Kiehne agreed that the conditions of the Note would be performed.  The installments due upon the Note have not been made and, pursuant to the terms of the Note, the United States has accelerated the time for payment of all installments and declared the entire amount of indebtedness immediately due and payable.  Ms. Kiehne owes FmHA $103,133.35 as of March 23, 2006, with interest accruing at the daily rate of $11.8219.  Demand has been made for payment of the Note, but it remains due and unpaid.

The Mortgage provides that, in the event of default under the terms of the Note, the Mortgage is subject to foreclosure as provided by law, and Ms. Kiehne is liable for expenses and costs.  The United States alleges that the terms of the Note have been breached, and that the United States is entitled to have the Mortgage foreclosed.

**II.  Summary Judgment Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).

**III.   Discussion.**

The evidence submitted by the United States demonstrates that, under the terms of the Note,

Ms. Kiehne is in default and the United States is entitled to foreclose the Mortgage (Docs. 27-2, 27-3). Ms. Kiehne failed to respond to the United States' Motion for Summary Judgment and, therefore, has demonstrated no genuine issue of material fact that would preclude summary judgment. *See Munoz,* 221 F.3d at 1164.

**IV.     Conclusion.**

Because Ms. Kiehne has breached the terms of the Note, the United States is entitled to have the Mortgage foreclosed.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment, filed on June 26, 2008, is **GRANTED**.

**A JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION AND ORDER SHALL ISSUE FORTHWITH.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**